OPINION OF THE COURT
Thomas Aloi, J.
This is a motion brought by petitioner pursuant to CPLR article 78 to declare a determination of respondents arbitrary, capricious and an abuse of discretion. Respondents have cross-moved to dismiss upon the ground that the petition raises no question reviewable by the court.
The Board of Trustees of the Jefferson County Supreme Court Law Library at Watertown performed their statutory duties to make rules for the operation of the library (Judiciary *1089 Law, § 837). Petitioner alleges that their denial to him of the privilege of borrowing books was arbitrary, capricious, and an abuse of discretion. Under CPLR 7803 (subd 3), the court has jurisdiction to hear the petition: "Generally speaking, discretionary issues are not issues of law, but even in such cases it may be urged that the bounds of discretion were exceeded.” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1, 34 NY2d 222, 232.) Respondents’ cross motion is dismissed.
Considering the questions raised in the petition, the court finds that the board acted within its discretionary powers when it denied to petitioner the privilege of borrowing books from the law library.
Petitioner is not an attorney, but works as a volunteer for an organization which assists in the representation of "poor people” before administrative hearing boards. As a taxpayer, and as a person with an allegedly special need to consult the law library, petitioner argues that he should be permitted to borrow books, which privilege is extended to attorneys and law enforcement officials. Without question, petitioner made every effort to reassure the trustees of his responsibility: he offered to post a bond, and to produce references from attorneys. Nevertheless, on May 2, 1977, he was notified of the board’s denial of permission.
On May 11, a prominent local attorney wrote to the president of the board of trustees vouching for petitioner’s responsibility and requesting that petitioner be allowed to borrow books in the attorney’s name: "I shall assume full responsibility for any inconvenience or loss to the Library which might result from this change in the Board of Trustees lending policy. I would expect Mr. La Salle to be more responsible and appreciative of this privilege than most of us who are attorneys.”
Petitioner also produced evidence that the Supreme Court libraries in Syracuse and Buffalo do allow nonlawyers to borrow books, within certain rules.
Petitioner argues that the library is supported by State and county taxes, and that the refusal to loan books to him upon the sole and arbitrary ground that he is not an attorney, is an abuse of the board’s discretion.
While the court feels a certain sympathy for petitioner’s position, its hands are tied. Under section 837 of the Judiciary Law, the board of trustees is granted the power to make rules *1090 for the governing of the library. The distinction between the people of the State and members of the Bar, with respect to library privileges, is also found in section 247 of the Education Law (and a comparable provision in section 246, dealing with the State medical library). Although the Watertown library is not part of the State library, neither is it a "free public library” within the meaning of subdivision 2 of section 253 of the Education Law, but a professional or technical one.
The Supreme Court libraries at Syracuse and Buffalo were specifically created as free public libraries (§§ 810 and 828, respectively, of the Judiciary Law) which undoubtedly explains their more liberal treatment of taxpayers who are not also attorneys.
While petitioner may attempt to change the library’s status through legislation, as provided by section 255 of the Education Law, the trustees’ decision may not be overruled by this court, since under present authority, the board’s denial was not arbitrary, capricious, or an abuse of discretion.